Green, J.
delivered the opinion of the court.
This is an application for a mandamus to compel the surveyor of the 12th district to make void an entry in the name of David Neisler, and to receive and record an entry tendered by the relator, Barnhart, for the same land.
The petition states, that Barnhart took possession of the land in dispute in 1824 or 1825, and resided thereon four or five years; that.he proved his occupancy as required by law, and delivered it to the deputy surveyor, who lost the same; *494 that in 1831, he put Neisler in possession of the land as his tenant, who has continued in possession ever since; that in August, 1844, Neisler procured a probate of occupancy for himself and entered the land in dispute; that on the 5th day of December, 1834, relator procured another probate of his occupancy, and tendered an entry for the land, which the surveyor refused to receive, because the same had been previously entered by Neisler.
The answer of Neisler denies that he took possession of the land as Barnhart’s tenant; and denies that Barnhart was entitled to any right of occupancy.
There is no proof that Barnhart was entitled to enter this land as an occupant, unless he is entitled to the benefit of Neisler’s possession, by virtue of the relation of landlord and tenant. The proof that Neisler went into possession under a contract for a lease is very unsatisfactory. But if it were clear that Neisler did thus obtain possession, there- are two insuperable objections to the present proceeding. In the first place, Barnhart had no probate of occupancy on the survey- or’s book, and upon Neisler’s probate of occupancy being made, the surveyor could not refuse to receive his entry for the land. There was no obstruction in the way of Neisler’s entry, and there is no pretence for putting the surveyor in the wrong for receiving the same. The land was thereby appropriated by virtue of a valid entry; and if the alleged tenancy by Neisler disabled him from acquiring the laird for himself, the establishment of that tenancy would, in another forum, have entitled Barnhart to a decree, divesting the title out of Neisler and vesting the same in him. His remedy, according to the case of Gillespie vs. Wood & Douglass, (4 Hump. R. 437,) would be by bill in equity, and not by mandamus: and, secondly, the land lies in Carroll county, and in 1831, when this lease is said to have been made, belonged to the United States. The State of Tennessee had no right to the land, and, as this court has often decided, could confer none. The Legislature had a right to regulate the conduct of its citizens settled on these lands, and for that purpose the laws securing to the possessor the quiet enjoyment thereof, were proper and valid; but the preference of entry given to *495 occupants by the laws, could confer no right, until Congress relinquished the lands to the State of Tennessee. It follows that, in 1831, Barnhart had no. rights in relation to the land in dispute, other than that of the quiet occupation and enjoyment thereof. When he relinquished his possession, his rights ■were gone. -Neisler’s possession was for himself, and not for Barnhart, no matter what contract they may have made; for the right of possession was not the subject of contract.'— Barnhart had no property in the land that could form the consideration of a contract.
For both these reasons, therefore, we think the relator must be refused the mandamus in this case.
Reverse the judgment.